PEOPLE *v* KENNETH SMITH

1. CRIMINAL LAW—INTENT—EVIDENCE—OTHER CRIMES.

Evidence of an overt act done with intent to commit a crime similar to the one charged is admissible even though the overt act was in connection with a noncompleted crime where intent is an essential element of the crime charged.

2. CRIMINAL LAW—EVIDENCE—PRIOR CONVICTIONS—ADMISSIBILITY.

Evidence of former convictions is inadmissible, when a defendant does not testify, unless relevant and material to the issue being tried.

3. CRIMINAL LAW—PRIOR CONVICTIONS—REFERENCES.

References to a nontestifying defendant's prior criminal record did not constitute reversible error where the references were oblique, one was possibly material to the issue being tried, another was an irresponsive answer to a proper question, the evidence was overwhelmingly against the defendant, and defense counsel did not object or ask for a limiting instruction.

Appeal from Otsego, Paul R. Mahinske, J. Submitted Division 3 December 8, 1971, at Lansing. (Docket No. 11151.)  Decided March 28, 1972.

Kenneth E. Smith was convicted of larceny from a motor vehicle. Defendant appeals. Affirmed.

*Thomas R. Rensberry,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 110.
[2, 3] 30 Am Jur 2d, Evidence § 1175.

Before: McGregor, P. J., and Bronson and Targonski,* JJ.

Per Curiam. Defendant was convicted by a jury in the Otsego County Circuit Court of larceny from a motor vehicle, contrary to MCLA § 750.356a (Stat Ann 1954 Rev § 28.588[1]). He was sentenced to a three- to five-year prison term. He appeals of right.

Defendant raises two issues on appeal which merit consideration. The arresting officer testified that defendant told him that he had purchased or worn women's clothes to get next to a male in order to commit a robbery. The trial judge immediately instructed the jury that it could consider this answer only in determining defendant's intent to commit the crime charged. Defendant contends this testimony was irrelevant to the crime charged and should not have been introduced.

The defense put forth by defendant was that he was so "high" on pills at the time of the crime charged that he could not have formed the requisite intent. The arresting officer's testimony, although going to intent to commit a different larceny, tended to show that defendant was capable of forming a larcenous intent at a time just prior to the commission of the crime charged. Where intent is an essential element of the crime, an overt act done with intent to commit a similar crime not accomplished is admissible to show the required intent. *People* v *Gengels* (1922), 218 Mich 632. If there was any prejudice to defendant, it was cured by the trial judge's limiting instruction.

On three occasions, witnesses made oblique references to defendant's prior criminal record. Defendant contends that, taken together, these refer-

_____

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

ences were prejudicial. When a defendant does not testify, evidence of former convictions is inadmissible unless relevant and material to the issue being tried. *People* v *Fleish* (1948), 321 Mich 443. At least one of these references was arguably material to an issue being tried. Another was an irresponsive answer to a proper question. Such answers are not reversible error. *People* v *Tutha* (1936), 276 Mich 387. The references were so oblique and the evidence so overwhelmingly against the defendant that, if any error was committed in admitting these three isolated remarks, it was not prejudicial. Since defendant's attorney did not object to these references below and did not request a limiting instruction, this Court will not consider an issue raised for the first time on appeal.

Affirmed.